## Commonwealth ex rel. King *v.* Ashe, Warden.

PER CURIAM, January 16, 1941:

This petition for writ of habeas corpus is based on an error of fact which appears in relator's petition.

Relator was committed to the Western State Penitentiary on November 29, 1929, after having pleaded guilty to at least three separate 'indictments' prepared by the District Attorney of Allegheny County, under the Act of April 15, 1907, P. L. 62. The records show that on November 26, 1929 relator appeared in court with his attorney, Mrs. Lois McBride, now Judge McBRIDE, and pleaded guilty to (1) Indictment No. 23 November Term 1929, Oyer and Terminer, for robbery, on which he was sentenced to imprisonment in said penitentiary for a period of not less than five years nor more than ten years. It was noted thereon that relator was also sentenced on the same charge at No. 49 November Term 1929, to a term of not less than three years nor more than six years to run concurrently with this sentence. (2) Indictment No. 235 November Sessions 1929, Quarter Sessions, for felonious entry, etc., on which he was sentenced to imprisonment in said penitentiary for a period of not less than three years nor more than six years, *to begin at the expiration of sentence at No. 23 November Term 1929,* Oyer and Terminer. (3) Indictment No. 234 November Sessions 1929, Quarter Sessions, for larceny of an automobile, on which he was sentenced to imprisonment in said penitentiary for a period of not less than one year nor more than two years, to begin at the expiration of sentence at No. 235 November Sessions 1929. It thus appears that relator's sentences were to be *consecutive* and not *concurrent* as alleged in his petition, except that the sentence to No. 49 November Term 1929, Oyer

8

and Terminer, which is not referred to in his petition was to be concurrent with the sentence to No. 23 November Term 1929, Oyer and Terminer.

The relator did not apply for a constructive parole at the expiration of the minimum term of his first sentence, to wit, five years, as would have been proper under the ruling of the Supreme Court in *Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 182 A. 229, but he did apply for a parole at the end of nine years, the sum of the minimum periods of all three sentences; but it was refused by the authorities, not, however, because of any technical defect in the time of application, but because of his criminal history and mental condition, and the opinion of the board that he is a case for institutional care.

As the petition for the writ was based on the erroneous belief of relator that his sentences on the three 'indictments' abovenamed were to run concurrently, instead of consecutively, his contention that he is illegally confined in the penitentiary is without merit.

The rule is discharged and the petition is denied.